TRUSTEE TERM — MUNICIPALLY OWNED CEMETERY The term of the trustee of a "Perpetual Care Fund" for municipally owned cemeteries coincides with that of the appointing District Judge and a newly elected District Judge may replace the present trustee and appoint a new trustee. We have considered your request for an opinion as to "Whether the Presiding or Senior District Judge of Comanche County can replace the present Trustee and appoint a new Trustee for the said `Perpetual Care Fund' at the beginning of said Judge's new four year term." DISCUSSION: The Statute pertaining to the appointment of the trustee of the "Perpetual Care Fund" for municipally owned cemeteries is found at 8 O.S. 43 [8-43] (1961) and states the following: "Trustee of perpetual care fund — Appointment — Duties — Any city or town owning a cemetery, or twenty-five of the lot owners in such cemetery may petition the district court of the county where the cemetery is situated for the appointment of a trustee who shall be known as the trustee of the `Perpetual Care Fund' whose duty it shall be to receive the perpetual care fund as provided for in this Article 1 and such other funds as may be donated, deposited or bequeathed to such cemetery or any part thereof, as a `Perpetual Care Fund' and to invest, manage and control such fund under the direction of the judge of the district court." The only Statute respecting removal of the trustee is at 8 O.S. 60 [8-60] (1961) and states the following: "Removal or death of trustee — Successor — Accounting — Any such trustee may be removed by the court or judge thereof at any time for cause, and in the event of removal or death the court or judge must appoint a new trustee and require his predecessor or his personal representative to make full accounting with him for all the property belonging to such trustee." There are no provisions which specifically designate the term of office of the trustee nor which provides for replacement of the trustee by a newly elected District Judge. In the absence of a statutory designation of a term of office the general rule is that the appointee's term shall coincide with the term of the appointing official. The applicability of this general rule to the appointment of the trustee of a "Perpetual Care Fund" is affirmed by the fact that the trustee must "invest, manage and control such fund under the discretion of the judge of the district court." OPINION: It is the opinion of the Attorney General that the term of the trustee of a "Perpetual Care Fund" for municipally owned cemeteries coincides with that of the appointing District Judge and that the newly elected District Judge may replace the present trustee and appoint a new trustee. (Gary M. Bush)